## GUSTAVE RIVARDE et al. *v.* A. ROUSSEAU, Syndic.

A member of a commercial firm bought real property in his own name, for which he paid in a note of his firm.  He afterwards sold the lot to a third person.  The other members of the firm brought suit against the syndic of the purchaser to recover their virile shares, upon the ground that the act of sale showed the property was paid for by the firm, and belonged to the firm jointly, and that it could not be legally sold by one of the partners. *Held :*. That the recital in the act of sale was not sufficient notice to the purchaser to invalidate the sale.

APPEAL from the Third District Court of New Orleans, *Kennedy,* J, *Hamner and Hays,* for plaintiffs.   *T. W. Collins,* for defendant.   The judgment of the court was pronounced by

ROST, J.   The late *Achille Rivarde* purchased a house and lot from the firm of *Samuel Smith & Co.,* and gave in payment a mortgage note belonging to *A. Rivarde & Co.,* a firm composed of himself and the two plaintiffs ; and, subsequently, sold the said property for cash to one *Berniaud,* who is now an absconding debtor represented by the defendant, the syndic, appointed by his creditors.

The plaintiffs claim, each, one undivided third of the lot, on the ground that it was acquired with partnership funds ; that *Berniaud* was aware of this fact when he purchased, and is subject to all the equities between them and his vendors.   There was judgment in their favor, and the defendant appealed.

RIVARDE
v.
ROUSSEAU.

The only evidence adduced to show that *Berniaud* had notice that the lot had been acquired by partnership funds, is a reference in the act of sale from *Rivarde* to *Berniaud*, to the act of sale from *Samuel Smith & Co.* to him, passed before another notary of this city, in which that fact appears. The district judge, relying on the authority of the case of *Carian* v. *Rieffel*, 2 N. S. 619, considered this sufficient to affect *Berniaud* with notice.

The two cases are by no means analogous. In the case of *Rieffel*, he was charged with the fraudulent concealment of a mortgage on a slave he had sold, and the object of the suit was to rescind the sale. The court held, that as the act of sale to the defendant contained an express mention of the mortgage complained of, the reference to that act in the deed of sale between the parties, placed it fully within the knowledge of the plaintiff for the purpose of examination, and was inconsistent with the alleged intention of the defendant to conceal the existence of the mortgage. But in this case, the district judge has gone further and decided, not that the means afforded to obtain knowledge destroy any recourse against the vendor founded on concealment, as in *Rieffel's* case, but, that the means to obtain knowledge, are equivalent to actual knowledge on the part of the purchaser.

Parties are presumed to be in good faith until the contrary is shown, and to destroy that presumption, it is not sufficient to prove that the vendee had the means of acquiring knowledge of the defect in his title ; it must further be shown, that he availed himself of them, and that in the present case, for instance, he followed up the reference in his title, by an examination of that of his vendor.

This case is, in all respects, similar to those of *Fletcher et als.* v. *Cuvelier*, 4 L. R. 274 ; and *Moran's Heirs* v. *The Mayor et als.*, 5 L. R. 243.

It is therefore ordered, that the judgment in this case be reversed, and that there be judgment in favor of the defendant, with costs in both courts.